United States District Court
Northern District of California

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>  v.<br>ANA MENDOZA ROMAN<br>a/k/a Roxana,<br><br>      Defendant. | Case No.: CR 12-70961-MAG-1 (KAW)<br><br>DETENTION ORDER |

## I. BACKGROUND INFORMATION

Defendant Ana Mendoza Roman (a/k/a Roxana) is charged by complaint with a violation of 18 U.S.C. § 1028 (fraud in connection with identification documents), 18 U.S.C. § 1546 (fraud and misuse of visas, permits, and other documents), and 18 U.S.C. § 371 (conspiracy). On August 23, 2012, the United States moved for Defendant's detention pursuant to the Bail Reform Act, and asked for a hearing as permitted by 18 U.S.C. § 3142(f). Pretrial Services prepared a criminal records check. On August 28, 2012, the court conducted a status hearing regarding Defendant's detention. Defendant was present, in custody, and represented by Assistant Public Joyce Leavitt, with the assistance of Spanish interpreter Carol Glasser. Assistant United States Attorney Christina McCall appeared on behalf of the Government. At the hearing, Defendant requested release. However, the Court notes that Defendant is subject to an immigration detainer issued by U.S. Immigration and Customs Enforcement ("ICE"). For the reasons stated below, the court orders that Defendant be detained.

## II. LEGAL ANALYSIS

The Bail Reform Act requires that in a pretrial posture, the government bears the burden of proving that a defendant poses a risk of flight and/or a danger to the community that cannot be

mitigated through the imposition of conditions of release. If the government does not meet its burden, the court's duty is to fashion appropriate conditions that permit the defendant to remain out of custody during the preparation of his or her defense, while safeguarding against flight or danger to the community. Close cases should result in release: "[t]o give effect to the principle that doubts regarding the propriety of release be resolved in favor of the defendant, the court is to rule against detention in close cases." *United States v. Chen*, 820 F. Supp. 1205, 1208 (N.D. Cal. 1992) (Walker, J.) (citing *United States v. Motamedi*, 767 F.2d 1403, 1405-06 (9th Cir. 1985)).

A person facing trial generally shall be released if some "condition, or combination of conditions . . . [can] reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(c). In non-capital cases, pretrial release should be denied "[o]nly in rare circumstances." *Motamedi,* 767 F.2d at 1405; *see also United States v. Salerno*, 481 U.S. 739, 755 (1987) (upholding constitutionality of Bail Reform Act; "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception"). Bail hearings generally proceed by proffer, and the rules of evidence do not apply. 18 U.S.C. § 3142(f). At the hearing, the court determines whether any conditions in section 3142(c) will reasonably assure the defendant's appearance and the safety of the community or another person. *Id.* The Bail Reform Act "mandates release of a person facing trial under the least restrictive condition or combination of conditions that will reasonably assure the appearance of the person as required." *Motamedi*, 767 F.2d at 1405.

In evaluating whether pretrial release is appropriate, a court must consider (1) the nature and circumstances of the offense, (2) the weight of the evidence, (3) the history and characteristics of the person (including his character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug and alcohol abuse, criminal history, or record concerning appearance at court proceedings), and (4) the nature and seriousness of the danger to any person or the community posed by the person's release. 18 U.S.C. § 3142(g); *Motamedi*, 767 F.2d at 1407.

DETENTION ORDER
CR 12-70961-MAG-1 (KAW)                                   2

The complaint charges that from September 2011 until present, Defendant and her co-defendants were involved in the sale of fraudulent immigration and identification documents in Alameda and Contra Costa counties.

**A. The Nature and Circumstances of the Offense and Weight of the Evidence**

The nature and the circumstances of the charged offense is fraud in connection with identification documents, for which Defendant appears to be one of the masterminds behind a large-scale operation. In addition, while the weight of the evidence is the least important factor when determining whether pretrial detention is appropriate, it weighs against Defendant in this case, as computers, supplies, and other evidence of the charged offenses was found in Defendant's room amongst her personal belongings, and law enforcement observed her engaging in illegal transactions.

**B. The History and Characteristics of the Defendant and the Nature and Seriousness of the Danger to Any Person or the Community**

Defendant is 31 years old and does appear to have any significant ties to the community. She has no known employment history.

While Defendant has no known criminal record, her DMV records indicate that she sustained a conviction for Driving Without a License in May 2011, payment for which is still outstanding. More importantly, Defendant also has an immigration hold, and so, if released, would be transferred into the custody of U.S. Immigration and Customs Enforcement. Defendant does not contest that she is in this country illegally. Also, the Government indicated that Defendant changed residences regularly. Defendant's immigration hold and her tendency to change residences make her a flight risk, so Defendant's request to be released to a halfway house is not practical.

In light of Defendant's immigration status, the nature and circumstance of the instant offense, and the weight of the evidence in the current matter, the Court finds clear and convincing evidence that Defendant is a risk of flight and/or presents a danger to the community, and that no condition or combination of conditions in 18 U.S.C. § 3142(c) will reasonably assure the safety of

DETENTION ORDER
CR 12-70961-MAG-1 (KAW)                             3

any other person or the community. 18 U.S.C. § 3142(e) and (f); *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985).

For the reasons set forth above, Defendant shall remain committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded reasonable opportunity for private consultation with counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to a United States marshal for the purpose of an appearance in connection with a court proceeding.

IT IS SO ORDERED.

DATED: August 29, 2012

KANDIS A. WESTMORE
United States Magistrate Judge

DETENTION ORDER
CR 12-70961-MAG-1 (KAW)                                    4