UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ANA MENDOZA-ROMAN,<br><br>Defendant. | Case No.: CR 12-00687-SBA-1 (KAW)<br><br>REPORT AND RECOMMENDATION REGARDING GUILTY PLEA |

Magistrate Judge Kandis A. Westmore recommends that the district judge accept Defendant Ana Mendoza-Roman's guilty plea entered in open court on March 13, 2013. Specifically, Defendant pleaded guilty, pursuant to a written plea agreement, to Count One of the above-captioned Information, charging Defendant with Conspiracy to Commit Identification Document Fraud, in violation of 18 U.S.C. § 371, in that Defendant and Ricardo Mendoza-Roman, together with others known and unknown, did knowingly and intentionally conspire to produce, transfer, and possess identification documents, authentication features, and false identification documents, knowing that such documents and features were produced without lawful authority, in violation of Title 18, United States Code, Sections 1028(a)(1) and (a)(3).

1. On the hearing date set forth above, with the assistance of counsel, the defendant waived her right to enter her guilty plea before a district judge and instead consented to enter her plea in a hearing in magistrate court. Specifically, the magistrate judge advised her that she had a right to plead guilty in district court, and that she could waive that right and consent to enter her plea in a plea hearing in magistrate court. The magistrate judge also advised her that she would issue a written report recommending that the district judge accept the guilty plea, that the district judge would review that recommendation and determine whether to accept the guilty plea, and

1  that the district judge and not the magistrate judge would sentence her.  The magistrate judge also
2  advised her of the procedures (also set forth at the end of this recommendation) for challenging
3  the magistrate judge's recommendation.  The defendant then waived her right to proceed in
4  district court in open court and in writing and consented to the magistrate judge's conducting the
5  plea hearing.

6  2. The magistrate judge conducted a full plea hearing in the manner set forth in Federal
7  Rule of Criminal Procedure 11.  In particular, the magistrate judge reviewed, and the defendant
8  acknowledged that she understood, the following: (a) the nature of each charge and the maximum
9  penalties, as set forth in Fed. R. Crim. P. 11(b)(1) (G)-(L); (b) the effect of the advisory
10 Sentencing Guidelines and 18 U.S.C. § 3553(a), *see* Fed. R. Crim. P. 11(b)(1)(M); and (c) the
11 rights she was waiving by pleading guilty, *see* Fed. R. Crim. P. 11(b)(1) (A)-(F).  The court
12 reviewed the specific provisions of the plea agreement regarding waiving the right to appeal or
13 collaterally attack the sentence.  *See* Fed. R. Crim. P. 11(b)(1)(N).  The magistrate judge also
14 determined that there was a factual basis for the guilty plea.   *See* Fed. R. Crim. P. 11(b)(3).

15 3. The plea agreement itself was disclosed in open court, *see* Fed. R. Crim. P. 11(c)(2),
16 and the magistrate judge advised the defendant as follows:

> The plea agreement was made pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure.  The district judge may accept the agreement, reject the agreement, or defer a decision until the district judge has reviewed the presentence report.  To the extent that the district judge accepts the agreement, the agreed disposition will be reflected in the judgment.  To the extent that the district judge rejects the agreement, she will inform the parties, advise the defendant that she is not required to follow the plea agreement, and give the defendant an opportunity to withdraw the plea.  If the district judge rejects the plea agreement and the defendant does not withdraw her plea, then the court may dispose of the case less favorably toward the defendant than the plea agreement contemplated.

*See* Fed. R. Crim. P. 11 (c)(3)-(5).

4. The magistrate judge also addressed the defendant personally in open court, and determined that the plea was voluntary and did not result from force, threats, or promises (other than the promises in the plea agreement).  *See* Fed. R. Crim. P. 11(b)(2).

5. After the advisements set forth in Rule 11, and summarized here, the defendant pleaded guilty.  The magistrate judge found that she was fully competent and capable of entering

an informed plea, that she was aware of the nature of the charges and the consequences of the guilty plea, and that the guilty plea was knowing and voluntary and supported by an independent factual basis. This court thus recommends to the district judge that it accept the defendant's guilty plea.

6. Any party may serve and file specific written objections within fourteen days after being served with a copy of this order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59. Failure to file objections within the specified time may waive a party's right to review. *See* Fed. R. Crim. P. 59(b).

7. This matter is set for sentencing before the district court on April 12, 2013 at 10:00 a.m.

IT IS SO RECOMMENDED.

Dated: March 14, 2013

KANDIS A. WESTMORE
United States Magistrate Judge

3